IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| MICHAEL T. KALI; <br><br> Plaintiff, <br><br> v. <br><br> BULK HANDLING SYSTEM; <br> STEVE ELLISON; RON BRITT; <br> STEVE MILLER; JOSHUA DEVITA., <br><br> Defendants. | Case No. 6:18-cv-02010-AA <br> **OPINION & ORDER** |

AIKEN, District Judge:

Michael Kali ("Plaintiff") filed a complaint on November 20, 2018 against Bulk Handling Systems ("BHS") and Steve Miller, Steve Ellison, Joshua Devita, and Ron Britt ("Individual Defendants"). Before me are Plaintiff's Motion for Default (doc. 21) and Defendants' Motion to Dismiss for insufficient service of process. For the reasons herein, the parties' motions (doc. 19 and 21) are DENIED.

\\\

\\\

## BACKGROUND

Plaintiff filed this suit and an application to proceed *in forma pauperis* ("IFP") on November 20, 2018. The Court granted his IFP application and ordered the U.S. Marshals to complete service of process on Plaintiff's behalf pursuant to FRCP 4(c)(3). Plaintiff then filed his completed summonses for the U.S. Marshals to serve. *See* docs. 9–12. On January 3, 2019, the Marshall filed four Return of Service forms demonstrating that Individual Defendants were actually served on December 7, 2018 and given notice to appear in court. *See* docs. 15–18. The Return of Service forms were signed and dated by the Marshals and included an attachment indicating that service of process was made via certified first-class mail. *See id.* At that point, there was a presumption that Defendants' responsive pleadings were due within 21 days of service, *i.e.*, on January 2, 2019.

Defendants failed to make any court filings by the January 2nd deadline, and Plaintiff filed a Motion for Default on January 7, 2019. Defendants then filed a Motion to Dismiss for insufficient service of process under FRCP 12(b)(5) the following day.

## ANALYSIS

There are two motions before me: (i) Plaintiff's Motion for Default and (ii) Defendants' Motion to Dismiss for insufficient service of process. Each is addressed below.

I.  **Motion for Default**

Plaintiff argues that a default against Defendants is appropriate because they failed to file a responsive pleading within the 21-day period required by FRCP 12(a)(1)(A). Defendants simply argue that Plaintiff's motion should be denied because Plaintiff failed to properly serve Defendants under FRCP 4(e). As explained below, Defendants' Motion to Dismiss is denied as service of process was proper for Individual Defendants and Plaintiff shall have 30 days to properly serve BHS. Thus, the only question is whether an entry of default is appropriate.

Entry of default is the essential first step in the two-step process of obtaining a default judgment for failure to appear. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). For entry of default to be proper, the moving party has the burden of showing that: (1) the party against whom default is sought has been properly served; (2) the Court has proper subject matter jurisdiction; and (3) the defaulting party has failed to plead or otherwise defend. *U.S. v. Panter*, 2012 WL 1245669 at *3 (D. Or. March 14, 2012).

Here, while Defendants failed to file a responsive pleading within the 21-day period provided for in Rule 12, entry of default would be improper under Rule 55(a). Defendants filed their Motion to Dismiss five days after the 21-day deadline, which indicates that they intend to defend against the suit. An entry of default is a harsh penalty and should only be imposed in extreme circumstances when deciding the case

on its merits is not feasible. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). This case can be decided on its merits and does not warrant such a penalty. Thus, Plaintiff's Motion for Default is denied.

## II. Motion to Dismiss

Defendants want this case dismissed for insufficient service of process.[1] First, Defendants argue that Plaintiff must satisfy Oregon's service rules for service of process by mail, but that Plaintiff failed to do so. Second, they argue that BHS should be dismissed because they were not served.

"A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Federal Rule of Civil Procedure 4." *Crowley v. Bannister*, 734 F.3d 967, 974–75 (9th Cir. 2013) (internal quotation marks and citation omitted). Where a plaintiff effectuates insufficient service of process, the court must dismiss the action. Fed. R. Civ. P. 12(b)(5). But when the plaintiff is proceeding IFP, it is the duty of the court to effect service of process. 28 U.S.C. § 1915(d).

Even if service has been inadequate, the court has discretion to extend the period for service of process. Rule 4(c)(1) requires that a plaintiff serve a summons and complaint "within the time allowed by Rule 4(m)"—that is, within 120 days after the complaint is filed. Fed. R. Civ. P. 4(c)(1). Rule 4(m) states, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order

---

[1] It's unclear from Defendants' filings whether they are making an argument for insufficient service of process, insufficient process, or no proof of service. In any case, as this section makes clear, none of these arguments are persuasive.

Page 4 – OPINION AND ORDER

that service be made within a specified time. But if the plaintiff shows
good cause for the failure, the court must extend the time for service for
an appropriate period.

In making extension decisions under Rule 4(m), a district court may consider factors "like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).

Generally, a plaintiff may complete service on individual defendants under the Federal Rules of Civil Procedure by personal service on the individual, service to the defendant's home, or service upon the individual's service agent. Fed. R. Civ. P. 4(e)(2). Additionally, service on individual defendants may be completed in conformance with state service rules. Fed. R. Civ. P. 4(e)(1). Since the U.S. Marshals completed service by mail, and the federal rules do not allow for service by mail, we must look to the Oregon Rules of Civil Procedure ("ORCP") to determine whether service was proper.

ORCP 7 allows for service by mail but only if true copies of the summons and complaint are mailed to the defendant by first class mail and one of the following: certified, registered or express mail with return receipt requested. ORCP 7D(2)(d)(i). Further, the defendant or other person authorized to receive service must sign a receipt for the certified, registered, or express mailing. ORCP 7D(3)(a)(i).

When evaluating the adequacy of service in Oregon, courts apply the analysis set out in *Baker v. Foy*, 310 Or. 221, 227 (1990). Under *Baker*, the court must answer two questions. First, was the method of service one of the methods described in ORCP 7 D(2), and specifically permitted for use on the particular defendant under ORCP 7

Page 5 – OPINION AND ORDER

D(3)? If so, service is presumptively effective. Second, if the presumption of adequacy is rebutted or if presumptively adequate service is not accomplished, was the method of service "reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend?" *Id.* at 228–29. *See also Davis Wright Tremaine, LLP v. Menken*, 181 Or. App. 332, 337 (2002) (summarizing the *Baker* methodology).

Here, the U.S. Marshals served Individual Defendants by mail. On January 3, 2019, the U.S. Marshals filed four Return of Service forms demonstrating that Individual Defendants were actually served December 7, 2018 and given notice to appear in court. A proper return is usually needed for the court to assert jurisdiction, but while FRCP 4(l) generally requires an affidavit attesting to service of process, such an affidavit is not required when service of process is completed by the U.S. Marshals. *Id.*

Defendant argues Plaintiff has failed to follow ORCP 7 because the delivery confirmation receipt for the process documents doesn't evince receipt by any of the Individual Defendants—the receipt just states that the package was signed for by "an individual." They also cite to *Murphy v. Price* for the proposition that service by unrestricted mail, even to a defendant's mailbox is inadequate. *See Murphy v. Price*, 131 Or. App. 693, 696–97 (1994). Finally, they argue that BHS has 125 employees and that Plaintiff's process was therefore not calculated to provide Defendants with reasonable notice, as required by *Murphy*.

Defendants' arguments are unpersuasive. In this case, the Return of Service forms were signed and dated by the U.S. Marshals and included an attachment indicating that the service of process was made via certified first-class mail. The *Murphy* case cited by Defendants is materially distinguishable. There, the plaintiff had served process via certified but unrestricted mail and the defendant's landlord had signed for it. *Id.* at 697. The appeals court explained that Plaintiff has no reason to think that defendant's landlord—or anyone else that may be residing at the defendant's address—was authorized to accept process on the defendant's behalf. *Id.* It therefore concluded that plaintiff's mail service was not reasonably calculated to apprise the defendant of the existence and pendency of the action. *Id.* at 699.

Here, Plaintiff was proceeding IFP and the Court ordered the U.S. Marshals to serve Defendants. Plaintiff provided the address for where Individual Defendants work, the same address as his previous employer, so he likely understands how mail is processed at BHS. The U.S. Marshals, consistent with regular practice in the District of Oregon, sent the summons and complaint via USPS first class certified mail. An individual at BHS signed for the documents. The U.S. Marshal then filed a Return of Service for each of Individual Defendants, which indicates that the aforesaid service of process was completed, creating a strong presumption that service was proper. *SEC v. Internet Solutions for Business Inc.*, 509 F.3d 1161, 1163 (9th Cir. 2007) ("We also hold that a signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence.").

Unlike in *Murphy* were the plaintiff could not be sure that the defendant would receive the process documents, Plaintiff in this case was not similarly uncertain since, until recently, he was employed at BHS. A fair reading of *Murphy* makes clear that the court was concerned with plaintiffs sending mail to a defendant's last known mailing address without adequate reason to believe that the defendant would receive the process papers:

> In this case, the only facts known to plaintiff were that defendant gave the eventual location of service as his address and that MVD confirmed that defendant listed that location as his address. Plaintiff did not know if other persons resided at that address. Likewise, plaintiff did not know that defendant's landlord was authorized to pick up mail for defendant. Plaintiff mailed the summons and complaint to defendant by certified mail, return receipt requested, but by *unrestricted delivery*. Accordingly, anyone at that address—a roommate, a neighbor, defendant's landlord—could have signed for the receipt of the summons and complaint, with no assurances that defendant would ever see the papers. In other words, plaintiff did not know who would actually receive the summons and complaint once they were delivered to the location that defendant listed as his address. Under the circumstances, the attempted service did not comport with the reasonable notice requirement of ORCP 7D(1).

*Murphy*, 131 Or. App. at 697. An analogous situation to this case would have been if the plaintiff in *Murphy* used to be the defendant's roommate, was kicked out of the house, knew how mail is handled at his old house, and then sent the process documents to the defendant. Surely, the *Murphy* court would not have found service of process via certified mail, with return receipt requested, but with unrestricted delivery, to be problematic in this circumstance.

Nevertheless, as explained in *Murphy* and *Baker*, Oregon takes a totality of the circumstances approach as they were known to the plaintiff at the time of service

Page 8 – OPINION AND ORDER

in determining if service of process was adequate. *Id.* at 1049. And even if process was not served in accordance with ORCP 7, the totality of circumstances indicate that service of process was proper.

Additionally, the fact that Defendants had actual notice is an important factor in this case. The fact that USPS's confirmation doesn't mention who signed for the process documents by name is immaterial—Defendants make no argument that the ORCP prohibits mailing process docs to a defendant's place of business, and most businesses sensibly have a set process for processing incoming mail that doesn't necessitate having the actual recipient sign. The case cited by Defendants in support of the proposition that Individual Defendants must have personally acknowledged receipt is the Oregon's Supreme Court's decision in *Edwards v. Edwards*, which they quote as saying "No Oregon case upholds service of summons by mail as adequate unless receipt is acknowledged by defendant." 801 P.2d 782, 786 (1990). What they fail to quote is the previous sentence, which states that "[s]ervice by mail, to be *adequate,* cannot be based upon a mailing returned by the post office and marked by it 'UNCLAIMED.'" *Id.* (emphasis and capitalization in original). Read in context, the quoted sentence makes clear that the Oregon Supreme Court was concerned with situations where there is no evidence that process was served, *i.e.*, when the mail is unclaimed. But that situation is distinct from the preset case, where process is served by the U.S. Marshals via certified mail to a defendant's place of business and the receipt of that mail is actually confirmed. Additionally, contrary to Defendants' assertion, the fact that BHS has 125 employees is evidence for the reasonability of

Plaintiff's approach, not against. An office with 125 employees isn't that large, and it's reasonable to think that mail sent to an individual within the company is very likely to be received by the individual. In any case, it appears that Plaintiff was right to find this approach reasonable, as Individual Defendants did in fact receive their process documents. Thus, service of process was appropriate with respect to Individual Defendants.

Finally, Defendants argue that Plaintiff has made no effort to serve the registered agent for Emerging Acquisitions, LLC, which is the entity doing business as BHS. They explain that the registered agent for Emerging Acquisitions, LLC is Steve Miller. While the Complaint indicates that Plaintiff intended to make BHS a party to the suit, Plaintiff appears to not have named BHS as a corporate defendant in subsection B of "The Parties to This Complaint" section of Plaintiff's complaint. In cases involving *a pro se* plaintiff, the court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). In other words, courts hold *pro se* pleadings to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Consistent with this approach, if Plaintiff still intends to name BHS as a party to the suit, Plaintiff shall have 30 days to serve BHS's registered agent, Steve Miller, with a copy of his complaint and summons directed to BHS as a corporate defendant. Such an extension is also proper under Rule 4(m) because BHS has had actual notice of a lawsuit since its registered agent, Steve Miller, is also a named defendant and was served with a copy of the Complaint. *See Efaw v. Williams*, 473 F.3d 1038, 1041

(9th Cir. 2007) (providing the following factors for courts to consider in granting an extension under Rule 4(m): statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service). There is also no prejudice to BHS and eventual service is all but guaranteed. *See id.*

Plaintiff should note that the current summons is insufficient as it only names Steve Miller as a defendant and another summons that names BHS is required. If Plaintiff needs the U.S. Marshals to complete service of process on his behalf, Plaintiff shall so inform the clerk's office, in which case the U.S. Marshals is ordered to complete service of process given Plaintiff's IFP status. *See* doc. 8., ORDER: Granting Motion for Leave to Proceed *in Forma Pauperis*.

Plaintiff shall follow the Court's directions as stated in the Court's IFP Order from December 4, 2018 and (1) prepare an original summons for corporate defendant and submit it to the Clerk of Court for issuance; (2) provide the original and sufficient service copies of the issued summons, the complaint, and any scheduling order for service upon the corporate defendant to the Clerk of Court for service; and (3) complete the U.S. Marshals Service Form (USM285) for the corporate defendant and submit it to the Clerk of Court. Summons forms and the USM285 forms may be obtained on request from the Clerk of Court's Office.

\\\

\\\

\\\

\\\

## CONCLUSION

Plaintiff's Motion for Default (doc. 21) and Defendants' Motion to Dismiss (doc. 19) are DENIED. Plaintiff shall have 30 days to properly serve corporate defendant if he so desires.

IT IS SO ORDERED.

Dated this 23rd day of April, 2019.

*Ann Aiken*
Ann Aiken
United States District Judge