IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

MICHAEL T. KALI,

    Plaintiff,

v.

BULK HANDLING SYSTEM;
STEVE ELLISON; STEVE BRITT;
STEVE MILLER; JOSHUA DEVITA,

    Defendant.

Case No. 6:18-cv-02010-AA
**OPINION AND ORDER**

AIKEN, District Judge:

Plaintiff Michael T. Kali ("plaintiff") filed this complaint (doc. 1) against Bulk Handling Systems ("BHS") and Steve Ellison, Ron Britt, Steve Miller, and Joshua Devita ("individual defendants") alleging multiple claims related to his employment termination. Plaintiff then filed a Motion for Default (doc. 21). Next, defendants moved to dismiss (doc. 19) for insufficient service of process. This Court issued an order denying both the Motion for Default and Motion to Dismiss. The Court found that service of process was appropriate with respect to individual defendants, and

while plaintiff's summons on BHS were insufficient, this Court provided plaintiff with a 30-day extension to properly serve BHS.

Before the Court is defendants' second Motion to Dismiss (doc. 29). Defendants' move to dismiss this action for failure to comply with a court order and failure to state a claim. For the reasons herein, defendants' Motion to Dismiss is GRANTED in part and DENIED in part.

### BACKGROUND

As a former employee of BHS, a private company, plaintiff's complaint concerns a series of workplace events at BHS as well as his termination from the company. One such workplace event occurred between plaintiff and Steve Ellison, who acted as a department manager for BHS. As a department manager, Ellison allegedly worked on cost reducing projects with plaintiff.

In his complaint, plaintiff also asserts that Ellison asked plaintiff into his office on multiple occasions and invited plaintiff to fish at Ellison's lake house. Without providing any further information, plaintiff appears to infer that he never accepted Mr. Ellison's invitations because Ellison is homosexual. In response to Ellison's invitation to fish, plaintiff eventually informed Ellison that he is "only interested in [w]omen." Pl.'s Compl. ¶ 2.8. After this interaction, plaintiff alleges that his professional relationship with Ellison became less friendly, though the two continued working together successfully.

After an unspecified period of time had passed, plaintiff alleges that Ellison and Ron Britt, a director of human resources for BHS, asked plaintiff to meet with

them on May 24, 2018. During this meeting, Ellison and Britt provided plaintiff an opportunity to answer questions about a complaint filed by Joshua DaVita, another BHS employee, which concerned plaintiff's workplace behavior. In his complaint, DaVita alleged plaintiff insulted him in the company parking lot. Mr. Davita detailed that plaintiff honked his car-horn and made inappropriate gestures towards him. Plaintiff alleges that he used his horn because Mr. DaVita was "in the middle of the road" and "that he raised his hand as a thanks for moving aside." Pl.'s Comp. ¶ 2.2. After allowing plaintiff to explain his behavior, BHS placed him on suspension pending further investigation of the incident. One week later, BHS terminated plaintiff for workplace misconduct.

Months later, plaintiff filed the present complaint against BHS and individual defendants. In his Complaint, plaintiff appeared to raise federal claims arising under the First and Fourteenth Amendments to the United States Constitution as well as Title VII of the Civil Rights Act of 1964. Additionally, plaintiff appeared to raise the following state law claims: (i) negligent infliction of emotional distress; (ii) negligence; (iii) negligent supervision; (iv) intentional infliction of emotional distress; (v) intentional interference with business relations; (vi) civil conspiracy; (vii) whistleblower retaliation; (viii) harassment; and (ix) retaliation on the basis of sexual orientation.

Plaintiff then filed a Motion for Default, and defendants moved to dismiss for insufficient service of process. Defendants' argued that plaintiff failed to serve the registered agent for Emerging Acquisitions, LLC, which is the entity doing business

as BHS. Defendants' explained that the registered agent for Emerging Acquisitions, LLC is Steve Miller. Additionally, plaintiff failed to name BHS as a corporate defendant in "The Parties to This Complaint" section of his Complaint. This Court issued an Opinion and Order denying plaintiff's Motion for Default and defendants' Motion to Dismiss.

In that Order, the Court acknowledged that plaintiff failed to properly serve BHS but provided plaintiff an extension to perfect service. The Court stated that "if [p]laintiff still intends to name BHS as a party to the suit, [p]laintiff shall have 30 days to serve [it]'s registered agent, Steve Miller, with a copy of his complaint and summons directed at BHS as a corporate defendant." Op. and Order at 10. Within one week, an attorney for BHS reached out to plaintiff offering to waive service if plaintiff simply confirmed that he was okay with this process and even offered to provide plaintiff with the necessary forms. *See* Walkup Dec. ¶ 3; Ex. 1. Over the next month, an attorney for BHS continued to reach out to plaintiff to resolve the service issue. *See* Walkup Dec. ¶¶ 4-6; Exs. 2, 3.

After the thirty-day period had passed, plaintiff neither responded to defendants' attempted communications nor complied with the Court's order to serve Steve Miller as registered agent for BHS. Defendants then filed this Motion to Dismiss for failure to comply with a court order and failure to state a claim.

**STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim may be granted when the complaint lacks sufficient factual

allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). When evaluating the sufficiency of a complaint's factual allegations, the court must accept all material facts alleged in the complaint as true and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett–Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). "A claim has facial plausibility when the [p]laintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). However, the court need not accept unsupported conclusory allegations as truthful. *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992).

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

There are three issues before the Court. First, defendants move to dismiss BHS as a party in this case due to plaintiff's failure to comply with this Court's previous order. Next, defendants move to dismiss plaintiff's federal claims for failure

to state a claim. Finally, defendants request that the Court decline to exercise supplemental jurisdiction over plaintiff's remaining state claims. The Court addresses each issue in turn.

I.   *Failure to Serve BHS.*

Defendants argue that a dismissal of BHS as a party to plaintiff's Complaint is appropriate because plaintiff failed to comply with this Court's previous Order granting him 30 days to perfect service. Plaintiff argues that the Order did not require him to serve BHS. Rather, he maintains that the Court gave him the option to properly serve BHS if he so desired.

When considering defendants' previous Motion to Dismiss, the Court afforded plaintiff, who is proceeding *pro se*, with an extension to properly serve BHS. The Court specifically instructed that "if [p]laintiff *still intends to name BHS as a party to the suit*, [p]laintiff shall have 30 days to serve [it]'s registered agent, Steve Miller, with a copy of his complaint and summons directed at BHS as a corporate defendant." Op. and Order at 10 (emphasis added). After providing plaintiff with a step-by-step process to follow, the Court informed plaintiff where to obtain necessary forms and additional help. Then, the Court explicitly warned plaintiff that the current summons was insufficient, and another summons would be required.

.   Within a week of the Court's previous Order, an attorney for BHS reached out to plaintiff offering to waive service. Walkup Dec. ¶ 3; Ex. 1. Over the next month, BHS's attorney continued to extend this offer, asking plaintiff to confirm that he agreed with waiving service and offered to provide plaintiff with the necessary

forms. *Id.* at ¶ 3; Ex. 1. Plaintiff never responded to defendants' offers nor did he follow the Court's instructions. Instead, plaintiff claims that the Court left him the option to properly serve BHS at his discretion. This argument is not a reasonable interpretation of the Court's previous order.

Despite the Court's efforts, plaintiff still has not complied with this Court's order to properly serve BHS. For that reason, BHS is dismissed as a party.

II. *Plaintiff's Federal Claims.*

Defendants argue that plaintiff's federal claims should be dismiss as he has failed to state a claim upon which relief can be granted for violations of his constitutional rights or violations of federal employment discrimination law.

A. *Plaintiff's Claims Under 42 U.S.C. § 1983.*

First, defendants argue that plaintiff's claims based on violations of his constitutional rights, which include plaintiff's Free Speech, Due Process, and Equal Protection claims ("constitutional claims"), should be dismissed. Plaintiff brings his claims under 42 U.S.C. § 1983, which provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.

To state a cause of action under § 1983, a plaintiff's complaint must contain sufficient factual allegations to establish the following two elements: "(1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing *West v.*

*Atkins,* 487 U.S. 42, 48 (1988)). Here defendants argue that they are neither state actors nor does plaintiff assert that they were operating under color of state of law.

Regarding the color-of-state-law element, a plaintiff's allegations concerning merely private conduct generally do not satisfy this element. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) (citing *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935, n. 18 (1982). Rather, to satisfy the color-of-state-law element, the defendant must have "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Paeste v. Gov't of Guam*, 798 F.3d 1228, 1238 (9th Cir. 2015) (quoting *West,* 487 U.S. at 49). Typically, a defendant does so when they are a public employee acting in their official capacity or while exercising their responsibilities pursuant to state law. *Id.*

Here, plaintiff's allegations against defendants concern merely private conduct. Because defendants are private actors and hold no power or authority under state or federal law, plaintiff has failed to adequately plead a claim under § 1983. Because no amendment to plaintiff's complaint could cure this deficiency, these claims are dismissed, with prejudice.

B. *Plaintiff's Title VII Claim.*

Though not explicitly pled in his is complaint (doc. 1) defendant did write on his submitted civil cover sheet a cause of action for "termination of employment as a retaliation for sexual orientation." (doc. 2) Defendants argue that plaintiff's claim is

based on employment discrimination under Title VII of the Civil Rights Act of 1964 and should be dismissed.

Plaintiff generally alleges that he was terminated from his employment as retaliation for his sexual orientation. From his complaint, the Court concludes that he is a heterosexual man. Defendants assert that "under the current sex-stereotyping discrimination framework, plaintiff has failed to allege facts that Mr. Ellison discriminated against him on the basis of his non-conformance with a sex-based stereotype." Def.'s Mot. to Dismiss at 8. In other words, defendants assert that plaintiff failed to allege sufficient facts to establish that defendants discriminated against him based on his membership in a protected class. The Court agrees.

Title VII prohibits employer discrimination on the basis of sex regarding "compensation, terms, conditions, or privileges of employment." 42 U.S.C. § 2000e-2(a)(1). Plaintiff's *prima facie* burden in bringing a retaliation claim requires him to show 1) he was engaged in a protected activity; 2) he suffered an adverse employment action; and 3) a causal connection between the protected activity engaged in and the adverse action suffered. *Yartzoff v. Thomas*, 809 F.2d 1371, 1375 (9th Cir.1987). Causation sufficient to establish the third element of the prima facie case may be inferred from circumstantial evidence, "such as the employer's knowledge that the plaintiff engaged in protected activities and the proximity in time between the protected action and the allegedly retaliatory employment decision." *Id.*

Defendants primarily argue that the Ninth Circuit has not recognized sexual orientation alone as a basis to bring a claim under Title VII. *Rene v. MGM Grand*

*Hotel, Inc.*, 305 F.3d 1061, 1063-64 (2002) Rather, courts in this circuit have held that discrimination is actionable in the context an employee's failure, real or perceived, to adhere to a sex-specific stereotype. See, *Rene v. MGM Grand Hotel, Inc.*, 305 F.3d 1061, 1063-64, (2002) (holding co-workers' jokes, gifts, and degrading sexual behavior constituted actionable sex stereotyping).

Plaintiff's complaint fails to adequately plead the first or third prongs for a retaliation. The Court is mindful, however, that in *Rene* the Ninth Circuit held that "an employee's sexual orientation is irrelevant for purposes of Title VII, . . . [i]t neither provides nor precludes a cause of action for sexual harassment" under Title VII. *Id.* Clearer factual allegations might support on a sexual harassment claim under a hostile work environment theory.

Title VII's prohibition against employment discrimination includes creating a hostile work environment that "is sufficiently severe or pervasive to alter the conditions of the victim's employment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal quotation marks omitted). To state a claim of hostile work environment based sexual harassment, an employee's complaint must contain sufficient factual allegations to establish the following three elements: 1) the employee was "subjected to verbal or physical conduct of a sexual nature, 2) this conduct was unwelcome, and 3) this conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Fuller v. City of Oakland*, 47 F.3d 1522, 1527 (9th Cir. 1995) (internal quotation marks omitted).

To satisfy the third element of a hostile work environment claim, the employee's "working environment must both subjectively and objectively be perceived as abusive." *Id.* Regarding the objective requirement, when determining whether a work environment is sufficiently hostile, the court considers the totality of the circumstances. *Little v. Windermere Relocation, Inc.*, 301 F.3d 958, 966 (9th Cir. 2002). In doing so, the court may consider "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* (quoting *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 270-71 (2001) (per curiam)). But "simple teasing, offhand comments, [ordinary workplace interactions], and isolated incidents (unless extremely serious) are not sufficient to create an actionable claim under Title VII." *Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678, 687 (9th Cir. 2017) (internal quotation marks omitted); *Fuller v. Idaho Dep't of Corr.*, 865 F.3d 1154, 1163 (9th Cir. 2017).

Here, plaintiff's complaint lacks sufficient factual allegations to establish a hostile work environment claim or a retaliation claim under Title VII. Plaintiff alleges that his department manager invited him to go fishing and that the manager was a homosexual man. These facts alone show merely ordinary workplace interaction. Moreover, plaintiff does not establish sufficient proximity between these events and his ultimate termination. Indeed, his ultimate termination, drawing from the facts pled in the complaint, was related to his workplace altercation with Mr. DaVita. Plaintiff does not allege any facts this was a pretextual reason for his

termination. Even construing the relevant facts alleged in plaintiff's complaint in the light most favorable to him, the Court cannot reasonably infer that plaintiff suffered retaliation or was subjected to a hostile work environment.

However, courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Moreover, if it is at all possible that the deficiencies in a complaint can be cured, courts should give *pro se* litigants the opportunity to amend a deficient complaint. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Therefore, because plaintiff is *pro se* and the Court cannot say with absolute certainty that amendments would fail to cure the current factual problems with his Complaint, plaintiff is entitled to an opportunity to amend.

To be clear, the Court is only granting plaintiff leave to amend his employment discrimination claim against the individual defendants. In other words, the Court is not granting plaintiff leave to add or amend any of claims besides his employment discrimination claim under Title VII.

To proceed, plaintiff must file a motion for leave to amend his Complaint within 21 days from the date of this order. The motion should include a proposed amended complaint which pleads sufficient factual allegations to establish a Title VII claim as outlined above. These factual allegations must be sufficiently specific to satisfy the pleading requirement under Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." This short and plaint statement is meant to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545

(internal quotation marks omitted). In other words, Rule 8 "requires more than labels and conclusions" or "a formulaic recitation of a cause of action's elements." *Id*.

## CONCLUSION

For the reasons set forth herein, defendants' Motion to Dismiss (doc. 29) is GRANTED in part and DENIED in part. First, BHS is dismissed as a party to this suit. Next, plaintiff constitutional claims brought under § 1983 are dismissed with prejudice. Plaintiff's federal employment discrimination claim is also dismissed. However, plaintiff is granted 21 days from the date of this Order in which to file a motion for leave to file an amended complaint curing the deficiencies noted herein.[1] Though the Court would be disposed to decline supplemental jurisdiction over plaintiff's remaining state law claims, it is appropriate to reserve a final ruling on this issue after considering whether plaintiff has successfully pled a Title VII in his amended complaint. Finally, plaintiff's Motion for Default judgment against BHS (doc. 36) is DENIED.

IT IS SO ORDERED

Dated this  10th day of April 2020

                /s/Ann Aiken
                Ann Aiken
                United States District Judge

---

[1] Because the Court has granted plaintiff 21 days from the date of this Order to file an amended complaint curing the factual deficiencies noted herein, addressing defendants' arguments under Rule 12(e) is unnecessary at this time.