IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

MICHAEL T. KALI,

        Plaintiff,

   v.

BULK HANDLING SYSTEM;
STEVE ELLISON; RON BRITT;
STEVE MILLER; JOSHUA DEVITA,

        Defendant.

Case No. 6:18-cv-02010-AA
**ORDER**

AIKEN, District Judge:

This Court previously entered an order granting in part and denying in part defendants' motion to dismiss. Doc. 38. The Court found that plaintiff had failed to state any claims under federal law and noted that it was inclined to decline supplemental jurisdiction of plaintiff's state law claims. In light of plaintiff's *pro se* status, however, the Court granted him twenty-one days in which to request leave to file an amended complaint regarding his dismissed Title VII claim. Plaintiff never

Page 1 – OPINION AND ORDER

requested leave from the Court to file an amended complaint, nor did he take any further action following the Court's order.

Two months after the Court's initial order, the Court entered an Order to Show Cause in writing why this case should not be dismissed for failure to prosecute. Doc. 42. Plaintiff filed a response, asking the Court for an additional 60-day extension of time, to allow him to "file a restraining order against the CIA and NSA" related to his termination from another job.[1] Doc. 43. This case was filed on November 11, 2018, and plaintiff has yet to file an effective complaint alleging a claim over which this Court would have original jurisdiction. The fanciful response he filed to the Court's show cause order fails to explain why he did not meet the Court's original deadline or make any other filings despite the fact that the Court waited an additional month before entering the show cause order.

Simply put, plaintiff has failed to state any federal claims in this matter or comply with Court orders regarding the opportunities to amend his claims. Additionally, he has failed to offer any reason for his initial failure to request leave to amend, nor has he offered any plausible reasons justifying an additional extension of time to do so. The Court, therefore, denies the request for an extension of time.

In accord with the previous order on defendant's motion to dismiss, the Court declines supplemental jurisdiction over plaintiff's state law claims. Once a court

---

[1] Indeed, plaintiff has a pending case before Magistrate Judge Mustafa Kasubhai with claims against the "Central Intelligence Services." Case No. 6:20-cv-1204-MK. Magistrate Judge Kasubhai has found plaintiff failed to state a claim in that case. Plaintiff has yet to file an amended complaint in that action as well.

Page 2 – OPINION AND ORDER

dismisses all claims subject to its original jurisdiction, it "may decline to exercise supplemental jurisdiction over related state-law claims." *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001). In determining whether to dismiss the remaining state-law claims, courts balance factors including judicial economy, convenience, and fairness. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *CarnegieMellon U. v. Cohill*, 484 U.S. 343, 350 (1988) (internal citations omitted.)

Here, the Court has found that defendant failed to plead any federal claims. Moreover, no discovery has yet occurred between the parties in this action. The Court again notes that this case has been pending for over two years with intermittent activity by the plaintiff. Judicial economy, convenience, and fairness all weigh in favor of declining supplemental jurisdiction over the alleged state law claims.

Accordingly, the Court orders this case be DISMISSED.

IT IS SO ORDERED

Dated this  1st  day of February 2021.

                                      /s/Ann Aiken
                                         Ann Aiken
                             United States District Judge